UNITED STATES DISTRICT COURT MIDDLE DISTRICT
OF TENNESSE AT NASHVILLE

Edward Johnson
    Plantiff

- vs -

Tennessee Dept of Corrections ET AL

Frank Strada Commissioner Tennessee Dept of Corrections

Jimmie Gregory Tennessee Dept of Corrections community
Services individual and personal official capacity

Tennessee Dept of Corrections Director sentence information
Services

Cpl John Doe Tennessee Dept of Correction Arresting and
Transporting officer in their individual capacity

Officer John Doe Tennessee Dept of correction Arresting and
Transporting officer

Warden Brett Cobble Tennessee Dept of correction

Jim Purviance Director Tennessee Board of Paroles

Kandi Johnson Parole officer Parole Hearing Division

Chicago Police Dept Extradition officer Marsa Nelson #11381

Sheriff Thomas Dart Cook County Dept of corrections

Cook County States Attorney Burke.
Alonzo Michael QPD Nature of complaint

    1.) This is a complaint under title 42 section 1983, 1985,
1986 for violation of plantiff civil rights and conspiracy to
violate plantiffs civil rights. Jury trial demand

CASE #_____
Jury Demand

RECEIVED
AUG 01 2025
US DISTRICT COURT
MID DIST TENN

## Plantiff

2) Plantiff EDWARD Johnson is corrently being unlawfully imprissoned and incarcerated under prison number 165254 at The Bledso Correctional Complex 1045 Horsehead Rd Pikeville, TN. 37367

## Defendant's

3) Tennessee Dept of Correction's commissioner Frank Strada 500 James Robertson Pkway Nashville TN 37219 and is sued in his individual and official capacity

4) Tennessee Department of community services Jimmie Gregory 320 6th Ave North Nashville TN. 37243 in his individual and official capacity

5) Tennessee Dept of Correction Director of sentence information services 500 James Robertson Pkway Nashville TN 37219 in his/her individual capacities and official capacities

6) Cpl John Doe Tennessee Dept of Correction Arresting and Transporting officer and John Doe(2) officers in their individual capacities

7) Warden Brett Cobble Tennessee Dept of Correction Bledso county Criminal complex 1045 Horsehead Rd Pikeville TN 37367 in his official and individual capacity

8) Jim Purviance Director Tennessee Board of paroles 500 James Robertson Pkway Nashville TN 37243 in his individual and official capacity

9) Kandi Johnson Parole officer Tennessee Board of parole Hearing Division in her individual capacity

10. Marsa Nelson # 11381 Chicago Police Dept extradition officer 3510 S. Michigan Ave Chicago IL 60653 in her individual and official capacities

11) Cook county Department of Corrections ET AL 2600 South California Ave chicago ILL 60608

12) Sheriff Thomas Dart Richard J Darley center 50 W. Washington chicago IL 60602 in his official and individual capacities

13) Cook county States Attorney Burke 2600 S California Ave in her official and individual capacities

14) At All times Relevant to this complaint Defendants were Acting under color of state law's and within the scope of their employment

## Introduction

15) Plaintiff EDWARD Johnson was sentenced to 6 years for burglary in Shelby county, Tennessee CAS # 0703762 sentence Effective Date 3-18-2006 And sentence expiration Date 3-18-2013.

16) During the service of this sentence on 5-7-2009 Plaintiff was offered and entered an agreement for an out of State parole TO Illinois. Parole certificate # 129891 (Attached) Prison number 165254 This agreement was pursuant to Interstate compact for Adult supervision X # X58997.

17) Plaintiff was paroled on August 14 2009 From the west Tennessee State prison, The board of probation and paroles implimented two special conditions in addition to the contracts Order of supervision. (1) Temporary Job Waiver (2) living condition illinois only.

18) The terms of the agreement also defines the terms of supervision pursuant to the interstate Commission for Adult supervision, also a binding agreement which states:

19) I Edward Johnson am applying for transfer of my parole supervision from Tennessee to Illinois I understand that this transfer of supervision will be subject to the rules of the interstate Commission for Adult supervision.

20) Supervision under the illinois department of Correction was successfully completed And Plaintiffe was discharged.

Complaint

21) The Tennessee Department of Correction is using knowingly wantonly deliberately Fraudulenly conveyed information introduced by its agents and employees produced and distributed by agents and employee of the chicago Police Department and Agents and employees of the cook county states attorneys office for the purposes of conspiring in concert to deprive plaintiff of his constitutional Rights to liberty without Due process of LAW

4

22) The known defendant Class is Alonzo Micheal C.P.D., Extradition officer Marca Neilson 11381 Chicago Police Department States Attorney Burke agents and employees of the states attorneys office, Thomas Dart Sheriff of Cook County, Cook County department of correction officer and agents Tennessee department of correction division of community services Jimmie Gregory, Randi Johnson, ofc. John Doe(1)&(2)

22) Tennessee department of correction commissioner Frank Strada, Tennessee department of correction Arresting and Transporting officers John Doe(1)&(2), Warden Brett Cobble Jim Purviance,

24) The defendants Joined together and conspired to Depuve plantiff of liberty with out due process of law, defendants caused Multiple illegal seizures and False imprisonment and wrongful incarceration constituting Cruel and unusual punishment punishments

24) defendants caused anxiety, depression PTSD lost of liberty parternal standing, lost of property caused Homelessness, medical desorders, physical injuries, Pain, suffering, defendants caused lost of employment, Financial damage family seperation lost of employment. Defendants Denied plantiff Due process of law, Rights to confrontaton Rights to notice Right to be heard all in violation of

5

25) ~~out~~ The First, Fourth, Fifth, Sixth, eighth and Fourteenth amendment to the United State constitution Plaintiff further invokes this courts pendent jurisdiction on all Illinois and Tenessee constitutional and Common law Torts.

The begining of The conspiracy

26) Defendant C.P.D. officer Alonzo Arrested Plantiff on July 14 2024 Claiming that an assault took place that never Did, officers and plantiff engaged in hearey Disagreements using Disrespectful language

27) Defendant Micheal and other chicago Police officers swore they would find a charge that would Fit. Defendants officer had a phone conversation with someone whom Plantiff learned to be defendant Maria Nelson Chicago Extradition officer.

28) Defendant Nelson using here position and access to information about plantiffs interstate transfer to Kansas, She was able to manipulate information causing plantiff to appear to be a fugitive from Justice parole violator, However she could not, nor the Chicago police department could change the action of Illinois Department of correction And the Governor of Illinois on The record

29) They were unable to manipulate the records to exhibit the process required for Tennessee to Redake Plantiff had IDOC ligitomately violated plaintiff on these charges, Rather found probable cause for Tennessee revocation.

30. The creation of This violation by the Chicago Police department in 2024 explains why there was never any warrant in the NCIC or Lead systems, It explains why I.D.O.C is not a part of This Tennessee action or based on illinois department of corrections official actions a process by which must be completed befor a Tennessee action on these allegation. which would provide probable cause

31. The information recieved and used by the conspirators are allegen to be a report by an unknown agent of The illinois Department of correction "Parole agent"

32) However any report of a illinois parole agent would be processed through the illinois parsonar review board "The due process, and condition preceedent to Tennessee revocation which would be the means to provide and legally allow Tennessee Board of pardes to present evidence of an illinois violation on which the Tennes, Revocation would stand.

34. Defendant Burke States attorney of illinois through her agents and employees of the state attorneys office became a conspirator and Actor in this action joining with Defendant Marcia Nelson by filing the charge of fugitive from Justice Parole violator in support of defindant Marcia Nelson first complaint filed July 14 2024 allegedly on behalf of the state of Shelby and the county of Tennessee in that order see (exhibit)

35) Defindant states attorney office knew or should have known that Plantiff is not on parole and is not a parole violator; and given the numerous times plantiff had been arrested and prosecuted since 2013 that he could not be an unnoticed fugitive from Justice or whereabouts unknown, but denied Plantiff equal protection of the law

36) The states attorney office knowingly filed charges as fugitive from Justice Parole violator with out any leads/notices, any record, or notice from Tennessee maliciously in support of Chicago Police department and Extradition officer Marcia Nelsons fraudulent complaint all with a concerted objective to deprive plantiff of life and liberty without due process of law and direct contravention of law and illinois governors orders knowingly and willingly filed knowing false report on face of the charges

8

31) Therefor the seizure and detention of Plantiff was based a false charges arrest and illegal imprisonment, maintained by The Cook County Department of Corrections operated by Defendant Thomas and Sheriff of cook county

32) Defendant Dart had on July 14 2024 no commitment orders no notice to detain, no warrants lodge as a detainer by Tennessee but maintain a detention illegally on Plantiff under the premise of an out of state warrant an allegation unsupported by evidence see 25-cv-00163 a related claim morell.

33) Tennessee is adopting the fraudulent conveyance that it issued a warrant for Plantiff on 2-8-2010 based upon Agents report Alledging events occurring in illinois but Does not have the physical report, Agents name or Identification, A report of an illinois parole officer, but Illinois department of correction Knows absolutely nothing about it would be employees report.

34) It is unlikely The illinois Department of corrections, The illinois prisoner review board and The Governor of Illinois would discharge and restore Right to a fugitive from Justice.

9

35) for almost 20 years, It is Also unlikely that A fugitive from Justice would not have been Apprehended by some Jurisdiction especially paying Taxes working, living at his same address getting Arrested and sent to prison in 2018 suggest no one especially Tennessee was looking for Plaintiff. This is A Manifestation of Falsehood

36) Since Tennessee agreed to illinois supervision I.D.O.C would have been the first to notify Tennessee because the violation begin allegedly in illinois.

37) Tennessee Department of Corrections Agents and employees actions in conspiration to Deprive Plaintiff of life and liberty further violates plaintiffs Substantive and procedural due process Rights by initiating A violation, Retaking Plaintiff from illinois without laying the foundation that would authenticate its Actions through process. An alleged warrant never executed until 16 years after expiration is incredible

## Due process

38. The agreement that Plaintiff was released upon states the supervision will be subject to rules of the interstate Commission for Adult supervision. Article II of the compact of Adult supervision defines the compact administrator as a member of the Illinois department of Corrections.

39) Tennessee can not produce evidence of its compliance with the compact or due process, pursuant to 720 ILCS 5/3-3-11-4 Requiring notification to the Compact.

40) When supervision of offender is being administered pursuant to the interstate compact The appropriate Administrative body of the receiving state (IL) shall Contact/notify the Administrative body of the sending State (TN) when consideration should be given to Retaken Tennessee acted ex parte Illinois in this Regard.

41) 730 ILCS 5/3-3-9 (a) (b) (c) Requires that any persons Charged with violating a condition shall have a Preliminary hearing. Tennesse can not produce any

(11)

evidence or documentation from a hearing because Plantiff sentence had expired, he was discharged and no longer on parole Thus abducted by Tennessee agents on June 12th 2025

42) The names signed upon the Alleged 2010 warrant are illedgible and oneroof the current Director of The Tennessee board of paroles. Tennessee fails to produce any evidence it was issued by a Recent Director and if so it would have issued without Due process, Nor was a warrant ever executed

43) Due process Required that the Appropriate officer of Illinois shall as soon as possible " After preliminary and revocation hearings Report to the sending state and furnish a copy of the hearings. Tennessee has nothing from illinois to support its Actions All states must respect the law and give full force to each.

44) Due process under Tennessee law for Revocation T.C.A 40-28-104 - 40.28 RS 1100-01-04.14 requires (a That A parole officer having charge of a offender who has reason to believe he has violated a condition of his parole Such officer shall present such evidence to the director of The board of paroles.

Case 3:25-cv-00874    Document 1    Filed 08/01/25    Page 12 of 35 PageID #: 12

12

45. It must be in written form containing a listing of violations, facts and circumstance surrounding the violations. Not a report by Kandi Johnson a non-supervising officer

46) because supervisor was transferred to illinois it would necessarily require the officer having charge in illinois to bring such a report which must be processed through the Illinois Prisoner Review board on revocation proceedings Absent these procedures there has been no due process or a probable cause finding

47) Tennessee actions violates every asspect of The Constitution and plantiff rights under the constitution and denies him equal protection of The Law.

48) Plantiff was discharged from parole his sentence expired, his full Right as a citizen Restored which is Dispositive on the issue.

49) The defendants were without authority to even issue a legal warrant in this case, Further pursuant to T. C.A. 40-28-104 and 40-28-125 1100-01-01-14 (5) it still requires the written receipt of the parole officer

having change of an offender.

50) The defendants allegation that a warrant issued 2010 is a false allegation, The defendants allegation is an attack on the expiration of plaintiffs sentence tolling effect by alleging a warrant existed, an executed therefore nothing is tolled. The warrant is an illegal and unauthorized Document

51) Having herein set forth and identified the process Due for the issuance of a warrant and the following Facts exposes the illegal seizure, false arrest and imprisonment and the allegation of a warrant existing from 2010 is a fraudulent conveyance with all intent and purposes to deprive plantff of lawful liberty

52) LAW enforcement agencies have highly advanced Communication networks and systems such as NCIC, Leads and others. Tennessee and illinois state police who maintain criminal History DATA.

53) Chicago Police, cook county and Shelby county Sheriff States Attorney's secretary of State all would have notice of fugitive At Lodge, especially Illinois department of Correction for 16 years,

54) Plantiff did a diligent search of all criminal history data leading up to July 14 2024 and found no entrance

of an outstanding warrant or that plaintiff was ever a parole violator and fugitive from Justice, what Plaintiff did find was that conspirator defendant Jimmie Gregory entered the alleged unauthorized warrant in to NCIC and had co conspirator States Attorney Burke After promising a copy for him filed the illegal warrant on April 11th 2025 in the circuit court of cook county its first existence of execution and existence

55) our laws does not permit a government agency department of corrections to want until expiration of offenders sentences years after, After restoration of citizenship by a governor, After discharge by the agreed supervising authority, re in corcerate an Ex offender on The Allegation a warrant was issued void record of process by use of A non-executed warrant, any Department of correction could restart and out of state parole simply by alleging a warrant was issued sometime before expiration of that sentence or by alleging warrant was not executed because we didn't know the whereabouts As Tennessee is alleging Tennessee never instated Plaintiff supervising state or Department of corrections where Plaintiff has lead a normal life and has been a recipient of Government benefits in illinois and arrested and imprisoned since 2010 the attempt At Tolling or alleging a violation on this expired sentence based on a hidden, delayed or fabricated warrant is unconstitutional produced with out Due process or probable cause                    The first illegal seizure

56. Defendant Dart, cook county, state Attorney office illinois Chicago Police department its agents and employees Defendants, Marin Nelson were able to maintain the illegal seizure and detention for only eight (8) months Beginning July 14 2024 until February 11 2025 as they could not hang the wrong of conspiracy

~~Best~~ from

the Tennessee Department of Corrections that was willing to or able to produce the fraudulent warrant and request Transport of Plaintiff To Tennessee.

57) Tennessee has 30 days until an alleged offender must be released, During that period Defendant Dart alleged that the cause of the delay was other pending Judicial issues in Illinois.

58) Plaintiff had one misdemeanor in may wood upon which he was released on every court date. and he had a Dupage county warrant Traffic. Plaintiff was ask and request to see a warrant of Tennessee but none was produced, However on February 14 2024 Plaintiff was released 8 month latter no warrant was in the system court records from Judges confirm there was never a warrant out of state

59) Defendant Nelson chicago police and States attorney Burke did not stop there. They found a conspirator in the Tennessee Department of correction who, could would and did create a False warrant

ᏏᏏ

Entered it into NCIC on or about April 11 2025 sent copies to co-conspirator Nelson and Thomas Oot. Plaintiff was arrested on April 11 2025 for the second time. The warrant is invalid and is a fraudulently issued document.

60. The circumstances that rise to give need for the warrant would have occured in Illinois, before a warrant could issue there had to be a determination of probable cause. This probable cause would have to be established based on a report to the Illinois prisoner Board submitted by Plaintiffs supervising Parole officer. If probable cause is found then Tennessee would have been notified then Tennessee Director of Paroles would issue its warrant for arrest to proceed with possible revocation hearings, as probable cause has been established by the supervising Jurisdiction

61. Defendant Jimmie Gregory entered an invalid warrant into the system for the first time in April 2025 used it to cause plaintiff off to be arrested seized kidnapped then transported to Tennessee and falsely imprisoned and unrightfully confined alleging the warrant was issued by a past Director

61. Tennessee action of arrest is only valid after or subsequent to the supervising authorities finding of probable cause, what is most remarkable about this conspiracy is that Tennessee and the conspirators ignore the Illinois Department of Corrections discharge, off and Illinois prisoners Review and discharge and Restoration of Rights by its governor.

61. But bases their actions on a report that has never been processed through legal Illinois process by these botching agencies using their Reports and information as its sole means of Authority failing to give full effect to the laws of Illinois and its parole agreement under

17

Mr. Jimmie Gregory used a fraudulent document and information knowingly on behalf of Tennessee Department of corrections. A warrant based on fraudulent unverified information produced absent legal process of law knowing the warrant was not a product of any legal process pursuant to The illinois department of corrections or illinois Prisoner Review as pointed out in this complaint.

63) The Agent presenting such a parole violation report would necessarily be an illinois department of corrections parole officer having supervision of Plaintiff. There is simply no way such agents report could legally reach Tennessee without processing it through the illinois prisoner review board which would determining probable cause for Tennessee to issue a warrant for retaking of offender. simply put illinois would have been the first line of action in 2010 There would have been a record established for the Tennessee revocation AND NO DISCHARGE

64) Pursuant to T.C.A 1600.01-01-14 (1) (A) in pertinent part. IN cases where the offender is serving a sentence or held in another state, The warrant may be placed there as a detainer if it becomes apparent that the board cannot obtain physical custody of The offender.

65) It further states the Director or Designee Shall withdraw the warrant and issue a letter of notification to the custodian of the offender. A Clear impossibility of The defendant story would be they did not know the whereabouts of The Plaintiff. is not plausable because illinois department of correction did not issue a warrant for his arrest as a fugitive or absconding if these condition existed he would not have been discharged and rights restored.

18.

66. Further upon receipt of any notification of Tennessee by the custodian that an offender will be released the director of paroles shall reissue the warrant so that the offender may be returned to Tennessee by execution of such warrant unless parole has expired. This failure or absence of process identifies fraudulent process. Parole expired 12 years ago. The warrant is not a reissued warrant of Jim Purviance the current Director. This is a warrant of conspirators named in this complaint. This is an invalid warrant of Jimmie Gregory issued by the department of correction and an unreasonable seizure and wrongful imprisonment in violation of The constitution of United States and illinois and common laws of Tennessee and illinois Plantiff parole contract and due process of law

67. Defendants conduct is deliberate indifference knowingly engaged in official misconduct, deceptive practices willfully with in tent to deprive plantiff of life and liberty joined together to conspire to sentence Plantiff to a new sentence through a fraudulent process. Plantiffs sentence is expired. There is no record that illinois intended to violate Plaintiff. If illinois was not allowed to find probable cause on its own alleged agents report any such report presented in a nother Jurisdiction without process is moot and undermines the laws and the executive authority of illinois Tennessee can not produce an arrest or imprisonment on such a report ex. post illinois approval

## Kandi Johnson

68. Kandi Johnson has presented an unverified collection of information and unprocessed Report by the Illinois prisoner review but presenting it as if Kandi is the reporting or supervising officer Defendant Johnson is a Tennessee Parole officer, Office P19R2 and defendant conspires to deprive plaintiff of life and liberty the report is dated 6-11-2025 in concert with all defendants there is no Report from a parole agent from Illinois dated 3-8-2010

69 The report does not identify the agent, does not even identify the plaintiff, The six Amendment Requires the ability of the accused to confront the witnesses against him, The report does not identify any locations or times. If the events are alleged to have occurred in Illinois This is the first time plaintiff has had notice of them and they are alleged to have occurred 16 years ago.

70. Tennessee abducted Plaintiff to prevent him from having access to Illinois records, the ability to call witnesses such as plaintiff parole officer Agent LISA POLOZZA

71) The title agent in the report does not identify an accesser or even a real individual the documents received with the report falsely alleges Plaintiff received a copy of the report signed 2010 He has not. Tennessees whole revocation process of the Plaintiff is a fraudulent process with out due process of law and in contravention of Illinois Law

72. Defendant Kandi Johnson

has not provided any report from 2010 upon which such allegations were made. Defendant does not list who submitted information nor is it stated who reviewed it

73) Kandi Johnson was not the supervising officer of the Plantiff. Defendant Kandi Johnson does not have any knowledge of the events of this report. and is not an agent of the Illinois department of corrections

74) The use of this information by Kandi Johnson violates plantiffs constitutional right under the due process clauses because these events had to have occured in another jurisdiction were this plantiff would now be unable to present witnesses and evidence on his own behalf, or to question information in this report

75) The report states that on 11-9-2009 this individual was a no show for a scheduled visit. a scheduled visit where, and with whom this report would not provide

any means to address the allegations it alleges unless true process was allowed and venue wherever that may have been. These things were alleged to have transpired, Kim Jr. Johnson knowingly provided information to the Director of the Tennessee board of paroles with the intent to deprive plaintiff of liberty, knowing the information to be fraudulently obtained and unauthorized by the Illinois prisoner review board.

State Attorney Cook County
Illinois

80. State Attorney Burk agents and employees acting on behalf of the State Attorney receives regular Criminal History reports on individuals whom the state attorney's office deem person of interest. That office receive state police criminal history records it also receives reports from the illinois department of correction on parolees Plaintiff has records of state attorney

confirming Plantiff was not on parole did not have any warrants and definately not a fugitive from Justice Records from the criminal courts of cook county and Dupage county and notice of Discharge and restoration of Right by the governor of Illinois

81. The cook county state's attorney knew for a fact plantiff was not on parole was not wanted by Tennessee but maliciously filed charges of fugitive from Justice and ordered Plantiff Detained on behalf of Defendant Nelsons complaint acting insobordinate to The governors order of Discharge approving a citizen of The state of illinois the equal Protection of The law.

82) This Defendant Knowing willing

wantonly with deliberate indifference engage in official misconduct Raises Knowingly False Charges against A citizen of the United State and Cook County Chicago Illinois

89) Defendant Cook County States attorney not on one but two different occassions brought and filed Fugitive Charges on July 14 2024 and April 11 2025 with Malicious and evil intent Brewed by defendant Chicago Police agents Maria Nelson and its extradition officers State attorney is A conspirator in the Action to Deprive plantiff of his constitutional rights to liberty, using that office and the power of that office in a criminal vindictive manner that Shocck the concious

90) As of 8-6-24 Illinois records department of corrections and the prisoner Review board show and state no such holds or warrants on plaintiff

exist or were requested by Tennessee Department of Correction

91) On July 2d 2025 after abduction plaintiff was called to sign what defendants allege to be a violations report Plaintiff could not read he had not been provided glasses defendants agent said that if Plaintiff did not sign he would not be seen by the parole board.

92) The report was the document described earlier in this report but states on page 1 of 3 that Plaintiff received the parole violation report signed 2-8-2010 erroniously There is no 2010 Report.

93) Plaintiff avered that any violation report alleging it to be a report from illinois supervising agent would need to be process through the Illinois prisoner review board

Excessive use of force

94) while being detained by defendant Brett Cobble he permits sanctions and allows correctional officer to implement cruel and unusual punishments against offenders,

95 Plantiff had to be placed in pending protective custody in prison inmates are considered to be a hate group status by prison guards if you are in protective custody

96) on July 2 2024 Plantiff was housed in unit 21 G cell 118 Regular unit officer John Doe and three others along with area sgt names unknown to de Plantiff to see I.P.O

97) Plantiff was complaining about the paper work issued and the condition of This complaint, The regular unit officer and Sgt supervisor escorted Plantiff to and from his

Cell

98. upon returning one of the escort whom all had their names concealed told plaintiff to shut the fuck up. Plantiff told officer he was old enough to be their grandfathers and that he did not have to shut the fuck up

99 Plantiff was hand cuffed from the back one defendants put plantiff in the cell Plantiff submitted to the pie hole to have hand cuffs removed at that time Regular unit officer along with heavy Musbehed officer grab the cuffs middle part then attached a strap on them and pulled Plantiff arm in a manner that caused the hand to exit the pie hole and allow pressure on the fore arms in a way that cut them open damage nurves and plantiff was in extreme pain.

100. Plantiff was denied treatment for this injury and told them if reported he would

be hurt again,

101, Defendant carried out this act of aggression with excessive use of force with the deliberate intent to hurt plaintiff and did hurt plaintiff Plaintiff was the denied his meal by regular unit officer and refused showers and recreation times

102, Plaintiff wrote warden and filed grievance medical staff in P.C. unit 21 were indifferent, Plaintiff had to wait until he was able to access compand nurse to receive treatment The injuries were tottally unprovoked done while plaintiff was on the other side of the door allowing restraints to be removed that unit sgt came and stood at my door daily along with unit officer and midtech officer and taunted Plaintiff how that aron and what you want to do

Supervision

103. Under contract Tennessee agreed that Plaintiffs parole would be under the supervision of Illinois pursuant to 730 ILCS 513-12 (K) parole means the conditional and revocable release of a person under the supervision of a parole officer. Plaintiff was discharged by the parole officer having supervision.

(L) Prisoner Review board means the board established in section 3-3-1 (a) of 730 ILCS 513-1 independent of the Department of Corrections to renew Rules and regulations, to set conditions for parole, mandatory and supervised release, and to determine whether violations of those conditions, justify revocation of parole or release.

104. As such under release agreement transfer of supervision would require a finding of probable cause and a determination by the IRB that retaking and revocation be considered.

105 Then if a warrant or detainer is placed against a person by the court parole agency or Tennessee the prisoner review board shall in before such person is discharged whether the authority concerned intends to execute or withdraw the process

106 If the Authority notifies the board that it intends to execute such process the board shall advise the authority concerned of the disposition under which the person is held

107 It is not plausable that Tennessee would have a warrant on an illinois parole officers report for the reasons set forth in this complaint, it is even more unbelieveable that Tennessee would not give notice to the authority whose supervision was agreed upon

Case 3:25-cv-00874    Document 1    Filed 08/01/25    Page 29 of 35 PageID #.129

29

108, The reincarceration of Plaintiff is an arbitrary and capricious government action imposed by the named conspirators and is a Disrespect to law and order. pursuant to 730 ILCS 5/3-3-8 (c) The order of discharge shall become final effective upon entry of the order and the rights of the person discharged under this section shall be restored under section 5-5-5 730 ILCS. The information used by the Tennessee department of correction upon which a warrant was allegedly issued is false evidence detained without due process of law violating Plaintiffs Fourth amendment rights and the due process clause of the Fifth and Fourteenth amendments

109. what is even more remarkable still is Tennessee entirely ignore the authority upon which supervision was agreed for Plaintiff but yet claims that supervision authority provided the support or information used to allege or support a revocation which at any record of process through the Illinois prison Review board is dispositive A citizen has been unlawfully imprisoned without cause.

Relief

A) Declaritory order That supervising authority Illinois Discharge plaintiff and Right were restored pursuant to illinois law 730 ILCS 5/5-5-5

Case 3:25-cv-00874    Document 1    Filed 08/01/25    Page 30 of 35 PageID #: 30

A) Declaritory order, That the order of Discharge pursuant to illinois LAW 730 ILCS 5/3-12(g)

C) Declare That parole agreement is a binding contract and pursuant to agreement parole shall expire upon the sentence expiration date.

D). Declare the Tennessee eviction on arrest were without probable cause

E) Declare that Tennessee issued a warrant with out due process of LAW

F) Declare that the seizure of Plaintiff and transporting him across state lines was unconstitutional

G) Declare That plaintiff sentence was expired in 2012

H) Declare that Tennessee breached The Parole agreement

I) Enter an injunctive order for immediate release of plaintiff

DAMAGES

Compensatory damages from Each defendant in the following order

1, Defendant Maria Nelson for loss of liberty during the period from July 14 2024 through February 14 2025 and April 11th 2025 June 11th 2025 in the amount of 750,000 dollars

Jammie Gregory 750,000 Dollars

Cpl John Doe Transporting officer 750,000

Officer John Doe (2) Transporting offee 750,000

Breef Cobble 500,000

Case 3:25-cv-00874    Document 1    Filed 08/01/25    Page 31 of 35 PageID #: 31

31)

Kandi Johnson 750,000

Thomas Dart 1,000,000

Burke Coolecandy State Attorney 1,000,000

Compensatory Damages against Tennesee Department of Correction in the amount of 7,000,000 Dollars

Frank Strada Tennesee Department of correction 500,000

Damages for mental anguish All Defendants individually and collectively 525,000.00

Punitive Damages
Tennesee Department of correction in the amount of 3,000,000.00 Dollars
Jimmie Gregory in the amount of 1,000,000
Marion Nielson in the amount of 3,000,000

Cpl Transportation officer 250,000
off John Doe (2) Transportation officer 250,000

Sheriff Thomas Dart 1,000,000

Unknown correctional officers unit #4 Bledsoe Segregation unit 21C regular officer 6am-6pm shift Each officer 10,000

Damages Mental Anguish
All defendants collectively and Jointly
250,000.00

32

I Edward Johnson hereby certify under penalty of perjury that the above complaint is true to the best of my information, knowledge and belief.

Signed this ___22nd___ Day of July 2025

Edward Johnson

NOTARY PUBLIC _____ 7·22·2025

MY COMMISSION
EXPIRES 1·29·2028

Edwards Johnson 165254
Bledsoe County Correctional Complex
1045 Horsehead Rd
Pikeville TN 37367



RECEIVED
AUG 01 2025
US DISTRICT COURT
MID DIST TENN

United State District Court
Clerk of the court
719 Church St Ste 1300
Nashville TN 37203

Legal mail

Received
JUL 25 2025
BCCX Mailroom
Outgoing

Received
JUL 25 2025
BCCX Mailroom
Outgoing

THE DEPARTMENT OF CORRECTIONS
BCCX HAS NEITHER INSPECTED
NOR CENSORED AND IS NOT
RESPONSIBLE FOR THE CONTENTS